# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| DAMIEN LAMONT WARE,<br>        Appellant, | DOCKET NUMBER<br>CH-1221-20-0344-W-1 |
| v. | |
| DEPARTMENT OF VETERANS<br>    AFFAIRS,<br>        Agency. | DATE: November 18, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Damien Lamont Ware</u>, Cleveland, Ohio, pro se.

<u>Beth K. Donovan</u>, St. Louis, Missouri, for the agency.

<u>Nick Pasquarella</u>, Akron, Ohio, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A, Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner recused himself and
did not participate in the adjudication of this appeal.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which denied his request for corrective action in his individual right of action (IRA) appeal, finding that the agency proved by clear and convincing evidence that it would have removed him absent his whistleblower activities. On petition for review, the appellant argues that the administrative judge erred by (1) ignoring the agency's pattern of retaliation; (2) failing to consider evidence or argument about his equal employment opportunity (EEO) complaints and other complaints; and (3) not addressing several procedural errors committed by the agency in his removal.[2]  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material

---

[2] As for the appellant's claims of harmful procedural error, we cannot address these allegations because any allegations of harmful error by the agency are not within the authority of the Board to adjudicate in an IRA appeal. *Hooker v. Department of Veterans Affairs*, 120 M.S.P.R. 629, ¶ 5 (2014).  Regarding the failure of the administrative judge to consider the facts of the appellant's EEO complaints or his other complaints, we agree with the administrative judge's handling of the matter.  Initial Appeal File (IAF), Tab 13 at 4-5, Tab 32 at 6-7.  It is well established that allegations of retaliation for exercising a Title VII right do not fall within the scope of an IRA appeal. *Young v. Merit Systems Protection Board*, 961 F.3d 1323, 1329 (Fed. Cir. 2020); *Redschlag v. Department of the Army*, 89 M.S.P.R. 589, ¶ 84 (2001) (the Board will not consider disclosures involving alleged discrimination or reprisal for engaging in activities protected by Title VII even if the disclosures were made outside of the grievance or EEO process in an IRA appeal).  Further, the administrative judge extensively reviewed and considered the appellant's previous complaints in finding that he established by preponderant evidence that he engaged in protected disclosures and activities and that he established the contributing factor element.  IAF, Tab 52, Initial Decision (ID) at 2-11, 19-20.  To the extent the appellant argues that the administrative judge should have made new findings or conclusions on the facts underlying these previous complaints, the only action at issue here is the removal, and thus any findings not related to the removal would be outside the scope of this appeal.

evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

Upon review of the record, we agree with the administrative judge's finding that the agency demonstrated by clear and convincing evidence that it would have removed the appellant absent his protected disclosures and activities. Initial Appeal File, Tab 52, Initial Decision (ID) at 29. In determining whether the agency met its burden, the administrative judge properly considered all relevant factors, including the following: (1) the strength of agency's evidence in support of its action; (2) the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision; and (3) any evidence that the agency takes similar actions against employees who do not engage in such protected activity, but who are otherwise similarly situated. *Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999).

The U.S. Court of Appeals for the Federal Circuit has articulated a broader and more flexible approach to the second *Carr* factor, i.e., the agency's motive to retaliate. *See Miller v. Department of Justice*, 842 F.3d 1252, 1261-62 (Fed. Cir. 2016) (explaining that the second *Carr* factor should be evaluated "more generally" because the factor is directed at agency officials involved in making the decision, not just at the employee's direct supervisor); *Whitmore v. Department of Labor*, 680 F.3d 1353, 1370 (Fed. Cir. 2012) (finding that those responsible for the agency's performance overall may be motivated to retaliate even if they were not directly implicated by the disclosures or did not personally know the whistleblower because the criticism could reflect on them in their capacities as managers and employees). Based on this language, we acknowledge

that the administrative judge's findings that there was "no evidence" that the agency's decision makers had a motive to retaliate or that the appellant's whistleblowing was "not a factor" in his removal may have been an overstatement of the record because the deciding official and the Human Resources (HR) Specialist involved in the removal process had knowledge of the appellant's protected disclosures and activities. ID at 28; Hearing Recording (testimony of the deciding official, testimony of the appellant, testimony of the HR Specialist). Thus, consistent with *Miller*, *Whitmore*, and similar cases, a motive to retaliate may have existed. Nevertheless, we find no other evidence of a motive to retaliate absent basic knowledge of the appellant's whistleblowing, and thus, any motive to retaliate, if it existed here, was slight and does not outweigh the other factors, especially the strength of the agency's evidence in support of the removal action. Thus, we agree with the administrative judge's conclusion that the agency proved by clear and convincing evidence that it would have removed him absent his whistleblower status. ID at 29.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must receive your petition for

---

[4]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of the <u>date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at  their respective websites, which can be accessed through the link below:

<u>http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx</u>.

FOR THE BOARD:          *Gina K. Grippando*
                        _____
                        Gina K. Grippando
                        Clerk of the Board

Washington, D.C.